This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**QUICKEN LOANS INC.,**

Plaintiff-Appellee,

v.                                                          NO. A-1-CA-36770

**GLENDA D. SHAW, JEFF N. SHAW,**
**THE STATE OF NEW MEXICO DEPARTMENT**
**OF TAXATION AND REVENUE, THE UNKNOWN**
**SPOUSE OF GLENDA D. SHAW,**
**IF ANY, AND THE UNKNOWN SPOUSE**
**OF JEFF N. SHAW, IF ANY,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Weinstein & Riley, P.S.
Jason Bousliman
Albuquerque, NM

for Appellee

Glenda D. Shaw
Jeff N. Shaw
Ruidoso, NM

Pro Se Appellants

Julia A. Belles
Santa Fe, NM

for Appellant N.M. Taxation & Revenue Department

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Pro se Defendant Glenda D. Shaw appeals from the district court's order denying Defendant's motion to set aside the foreclosure judgment and sale, pursuant to Rule 1-060(B)(6) NMRA [RP 277-78]. Defendant has filed a memorandum in opposition (MIO). After due consideration, we are unpersuaded and therefore affirm.

{2}     We will avoid repetition here of pertinent background, analytical principles, and analysis set forth in our calendar notice. In our calendar notice, we explained two reasons that Defendant's standing challenge seemed unpersuasive: her attempt to void the final foreclosure judgment through a challenge grounded in Rule 1-060(B) is contrary to *Deutsche Bank National Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 34, 369 P.3d 1046 (holding that completed foreclosure judgments are not voidable pursuant to Rule 1-060(B) for lack of standing), [CN 3] and, additionally, the record seemed to demonstrate that Plaintiff met the standing requirements of our Uniform Commercial Code as articulated in our case law [CN 3-4]. Defendant has not addressed our analyses of these reasons to affirm the judgment of the district court. Accordingly, we affirm the judgment of the district court denying Defendant's motion

to set aside the foreclosure judgment and sale pursuant to Rule 1-060(B)(6) NMRA [RP 277-78]. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**STEPHEN G. FRENCH, Judge**